# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| **RAUL GONZALES,** Individually and on behalf of all others similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> **CROSSLAND OILFIELD SERVICES, LLC** and **DREW A. CROSSLAND,** <br><br> *Defendants.* | Civil Action No. 5:20-cv-00829 <br><br> **JURY TRIAL DEMANDED** <br><br> **COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b)** <br><br> **CLASS ACTION PURSUANT TO FED. R. CIV. P. 23** |

## ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT

Raul Gonzales ("Plaintiff" or "Gonzales") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class members" or "Plaintiff and the FLSA Collective Members") who worked for Crossland Oilfield Services, LLC and/or Drew A. Crossland (collectively hereinafter referred to as "Defendants" or "Crossland"), at any time during the relevant statutes of limitation through the final disposition of this matter, seeking all available relief, including unpaid back wages, overtime compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 207 and 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and Texas common law.

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while his Texas state law claim is asserted as a class action under Federal Rule of Civil Procedure 23.

# I.
# OVERVIEW

1. This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, and a class action pursuant to Federal Rule of Civil Procedure 23(b)(3), and Texas state law to recover unpaid wages and other applicable penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Defendants anywhere in the United States, at any time within their relevant statutes of limitations through the final disposition of this matter, and have been paid for some, but not all hours worked, and were not paid any overtime.

3. Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors.

4. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek,

5. Furthermore, Plaintiff and the Putative class Members were not paid for any hours worked over twelve (12) in a single workday.

6. The decision by Defendants not to pay overtime compensation (or for all hours worked) was neither reasonable nor in good faith.

7. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked and overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

8. Plaintiff and the Putative Class Members did not perform work that meets the definition of exempt work under the FLSA or relevant state law.

9. Plaintiff and the Putative Class Members therefore seek to recover all unpaid wages and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid wages and other damages owed under Texas common law as a class action pursuant to FED. R. CIV. P. 23.

10. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

11. Plaintiff prays that the Rule 23/Texas Class is certified as defined herein, and Plaintiff Gonzales be designated as the Class Representative.

## II.
## THE PARTIES

12. Plaintiff Raul Gonzales ("Gonzales") worked for Defendants during the relevant time period. Plaintiff Gonzales did not receive compensation for all hours worked, nor did he receive overtime compensation for all hours worked in excess of forty (40) hours each workweek.[1]

13. The FLSA Collective Members are those similarly situated employees who worked for Defendants at any time from July 15, 2017 through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Gonzales worked and was paid.

14. The Texas Class Members are those similarly situated employees who worked for Defendants, in the State of Texas, at any time from July 15, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Gonzales worked and was paid.

---

[1] The written consent of Raul Gonzales is attached hereto as Exhibit A.

15. Crossland Oilfield Services, LLC ("Crossland") is a domestic limited liability company and may be served through its registered agent for service: **Drew A. Crossland, 700 N. St. Marys, Suite 62, San Antonio, Texas, 78205**.

16. Drew A. Crossland is an Owner/Director of Crossland and an employer as defined by 29 U.S.C. § 203(d). Defendant Drew A. Crossland may be served at **700 N. St. Marys, Suite 62, San Antonio, Texas, 78205, or wherever he may be found.**

17. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have maintained common ownership, oversight and control over Crossland and Plaintiff and the Putative Class Members during the relevant time periods. As a result, Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, and relevant state law, with respect to the employment for the workweeks at issue in this case during the relevant time periods.

### III.
### JURISDICTION & VENUE

18. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

19. This Court has supplemental jurisdiction over the additional Texas state law claim under 29 U.S.C. § 1367.

20. This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District.

21. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22. Specifically, Defendants are headquartered in San Antonio, Texas, which is located in this District and Division.

23. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

24. Crossland is an oilfield pipeline service company and provides services for its clients in the oil and gas industry throughout Texas and Mississippi.[2]

25. Drew A. Crossland is the Owner/President of Crossland Oilfield Services, LLC.

26. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

27. Defendants directly or indirectly hired Plaintiff and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

28. Specifically, Defendant Drew A. Crossland created the facially illegal pay policies at issue in this case.

29. Defendant Drew A. Crossland approved Plaintiff and the Putative Class Members to perform work for Defendants' clients.

30. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

31. Specifically, Defendant Drew A. Crossland created and personally signed off on the safety policies and procedures that were mandatory for employees of Crossland to follow.

32. Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

33. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

34. Defendants shared the services of Plaintiff and the Putative Class Members.

---

[2] https://crosslandoilfieldservices.com.

35. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiffs and the Putative Class Members.

36. Specifically, Defendants dictated the practice goals and what pressing or tactical items needed to be done in order to meet the goals of the respective Defendants and/or their clients.

37. Each Defendant could, and did, direct Plaintiff and the Putative Class Members' day-to-day job duties.

38. Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

39. Defendants supervised and controlled Plaintiff and the Putative Class Members' work schedules and conditions of their employment.

40. Defendants determined Plaintiff and the Putative Class Members' rate and method of payment.

41. Defendants maintained Plaintiff and the Putative Class Members' employment records.

42. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

43. To provide their services, Defendants employed (and continue to employ) numerous oilfield workers who were not paid overtime—including Plaintiff and the individuals that make up the putative class.

44. While exact job titles may differ, these workers were subjected to the same or similar illegal pay practices for similar work in the oilfield.

45. Plaintiff and the Putative Class Members were non-exempt employees paid by the hour, but were not paid overtime at the required rate of time-and-one-half for all hours worked over forty (40) in each workweek.

46. Plaintiff Gonzales worked exclusively for Defendants as a Welder from approximately October 2016 until November 2019.

47. Plaintiff and the Putative Class Members worked for Defendants in Texas and Mississippi.

48. Defendants paid Plaintiff and the Putative Class Members an hourly rate.

49. Specifically, Plaintiff Gonzales was paid $55.00 per hour for twelve (12) hours per day, but did not receive compensation for all hours worked or overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

50. Although it is well-known that blue-collar oilfield workers like Plaintiff and the Putative Class Members are **_not exempt_** from overtime, Defendants did not pay Plaintiff and the Putative Class Members for all hours worked or the additional overtime premium required by the FLSA for all hours worked in excess of forty (40) each workweek.

51. Plaintiff and the Putative Class Members' primary job duties included performing daily checklists, assisting with the welding of equipment, and performing other welding related functions on various job sites that were controlled by Defendants and/or their clients.

52. Plaintiff and the Putative Class Members would conduct their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Defendants and/or their clients.

53. Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans, procedures, and checklists created by Defendants and/or their clients.

54. Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans and procedures set by Defendants and/or their clients, the

American Petroleum Institute, the American Society of Mechanical Engineers, the American Welding Society, and the United States Department of Transportation. *See* 29 C.F.R. § 541.203(g).

55. Virtually every job function was pre-determined by Defendants and/or their clients, including the tools to use at a job site, the schedule of work, and related work duties.

56. Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

57. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

58. Indeed, Plaintiff and the Putative Class Members are blue-collar oilfield workers. They rely on their hands, physical skills, and energy to perform manual and routine labor in the oilfield.

59. Defendants determined the hours Plaintiff and the Putative Class Members worked.

60. Defendants set Plaintiff and the Putative Class Members' rate of pay and controlled the number of hours they worked.

61. Defendants set all employment-related policies applicable to Plaintiff and the Putative Class Members.

62. Defendants maintained control over pricing and marketing.

63. Defendants also chose equipment and product suppliers.

64. Defendants owned or controlled the equipment and supplies that Plaintiff and the Putative Class Members used to perform their work.

65. Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

66. Defendants made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members a flat hourly rate with no overtime pay.

67. Defendants reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided tools and equipment Plaintiff Gonzales used while on location.

68. Plaintiff and the Putative Class Members did not employ their own workers nor were they allowed to employ their own workers.

69. Plaintiff and the Putative Class Members worked continuously and exclusively for Defendants on a permanent full-time basis.

70. Defendants, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, tools, and supplies.

71. Moreover, Defendants paid operating expenses like rent, payroll, marketing, insurance, and bills.

72. Plaintiff and the Putative Class Members relied on Defendants for their work.

73. Plaintiff and the Putative Class Members did not market any business or services of their own.

74. Instead, Plaintiff and the Putative Class Members worked the hours assigned by Defendants, performed duties assigned by Defendants, worked on projects assigned by Defendants, and worked for the benefit of Defendants and their customers.

75. Defendants paid Plaintiff and the Putative Class Members on a weekly basis.

76. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of his own.

77. Rather, Plaintiff and the Putative Class Members' only earning opportunity was based on the number of hours they were allowed to work, which were controlled by Defendants and/or their customers.

78. Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors.

79. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves.

80. Instead, Plaintiff and the Putative Class Members were economically dependent upon Defendants for their work.

81. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

82. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

83. Defendants also failed to compensate Plaintiff and the Putative Class Members for all hours worked over twelve (12) in a single workday.

84. Defendants were aware of their obligation to pay for all hours worked and overtime for all hours worked in excess of forty (40) each week to Plaintiffs and the Putative Class Members, but failed to do so.

85. Because Defendants did not pay Plaintiff and the Putative Class Members for all hours worked and time-and-one-half for all hours worked in excess of forty (40) in a workweek, Defendants' pay policies and practices violate the FLSA.

86. Because Defendants did not pay Plaintiff and the Putative Class Members for all hours worked, Defendants' pay policies and practices also violate Texas state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
### (Collective Action Alleging FLSA Violations)

**A.   FLSA COVERAGE**

87. All previous paragraphs are incorporated as though fully set forth herein.

88. The FLSA Collective is defined as:

**ALL HOURLY OILFIELD WORKERS WHO WORKED FOR CROSSLAND OILFIELD SERVICES, LLC AND/OR DREW A. CROSSLAND, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JULY 15, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE NOT PAID OVERTIME ("FLSA Collective" or "FLSA Collective Members").**

89. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

90. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

91. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

92. During Plaintiff and the Putative Class Members' employment with Crossland, they provided services for Crossland that involved interstate commerce for purposes of the FLSA.

93. In performing the operations hereinabove described, Plaintiff and the Putative Class Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

94. Specifically, Plaintiff and the Putative Class Members were **<u>non-exempt</u>** employees who worked for Crossland during the relevant statutes of limitation and were engaged in oilfield

services that were directly integrated into to the firm's overall operation of Crossland and related oil and gas companies. 29 U.S.C. § 203(j).

95. At all times hereinafter mentioned, Plaintiff and the Putative Class Members were employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

96. In violating the FLSA, Crossland acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

**B.     FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

97. All previous paragraphs are incorporated as though fully set forth herein.

98. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times their regular rate(s).

99. Plaintiff and the Putative Class Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff and the Putative Class Members would be able to precisely calculate damages.

100. Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and the Putative Class Members overtime compensation. 29 U.S.C. § 255(a).

101. Defendants knew or should have known their pay practices were in violation of the FLSA.

102. Defendants are sophisticated parties and employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

103. Plaintiff and the Putative Class Members, on the other hand, are unsophisticated laborers who trusted Defendants to pay overtime in accordance with the law.

104. The decision and practice by Defendants to not pay overtime was neither reasonable nor in good faith.

105. Accordingly, Plaintiff and the Putative Class Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times his regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.   COLLECTIVE ACTION ALLEGATIONS**

106. All previous paragraphs are incorporated as though fully set forth herein.

107. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Defendants' employees throughout the United States who have been similarly situated to Plaintiff Gonzales with regard to the work they performed and the manner in which they were paid.

108. Other similarly situated employees of Defendants have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

109. The FLSA Collective Members are defined in Paragraph 88.

110. Defendants' failure to pay Plaintiff and the FLSA Collective Members for all hours worked and overtime compensation at the rates required by the FLSA, results from generally applicable policies and practices of Defendants and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

111. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

112. The specific job titles or precise job requirements of the various FLSA Collective Members do not prevent collective treatment.

113. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid for all hours worked and at the proper overtime rate for all hours worked in excess of forty (40) hours per workweek.

114. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

115. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their violations.

116. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

117. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 88 and notice should be promptly sent.

## COUNT TWO
**(Class Action Alleging Violations of Texas Common Law)**

**A.  VIOLATIONS OF TEXAS COMMON LAW**

118. All previous paragraphs are incorporated as though fully set forth herein.

119. Plaintiff Gonzales further brings this action pursuant to the equitable theory of *quantum meruit*. See *Artemis Seafood, Inc. v. Butcher's Choice, Inc.* No. CIV. A. 3:98-0282, 1999 WL 608853, at *3 (N.D. Tex. Aug. 11, 1999) (citing *Schuchart & Assocs. V. Solo Serve Corp.*, 1983 WL 1147, at *23 (W.D. Tex. June 29, 1983)).

120.    The Texas Common-Law Class is defined as:

**ALL HOURLY OILFIELD WORKERS WHO WORKED FOR CROSSLAND OILFIELD SERVICES, LLC AND/OR DREW A. CROSSLAND, IN THE STATE OF TEXAS, AT ANY TIME FROM JULY 15, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Texas Class" or "Texas Class Members").**

121.    Plaintiff and the Texas Class Members are entitled to recover their unpaid "straight time" or "gap time" wages for services rendered on behalf of Defendants.

122.    These claims are independent of Plaintiff's claims for unpaid overtime wages pursuant to the FLSA, and they are therefore not preempted by the FLSA. See *Carman v. Meritage Homes Corp.*, 37 F. Supp. 3d 860, 867 (S.D. Tex. 2014) (recognizing that claims for unpaid "straight time" or "gap time" wages are not covered by the FLSA, and are instead recoverable according to state law legal theories).

123.    The Texas Class Members provided valuable services for Defendants, at Defendants' direction and with Defendants' acquiescence.

124.    Defendants accepted the Texas Class Members' services and benefited from their timely dedication to Defendants' policies and adherence to Defendants' schedule.

125.    Defendants were aware that Plaintiff Gonzales and the Texas Class Members expected to be compensated for the services they provided Defendants.

126.    Defendants have therefore benefited from services rendered by Plaintiff Gonzales and the Texas Class Members are entitled to recover pursuant to the equitable theory of *quantum meruit*.

**B.    TEXAS COMMON-LAW CLASS ALLEGATIONS**

127.    Plaintiff Gonzales brings his Texas Common-Law Claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated individuals employed by Defendants to work in Texas at any time since July 13, 2016. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004.

128. Class action treatment of the Texas Class Members' claims is appropriate because, as alleged below, all of the Federal Rule of Civil Procedure 23's class action requisites are satisfied.

129. The number of Texas Class Members is so numerous that joinder of all class members is impracticable.

130. Plaintiff Gonzales is a member of the Texas Common-Law Class, his claims are typical of the claims of the other Texas Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the other Texas Class Members.

131. Plaintiff Gonzales and his counsel will fairly and adequately represent the Texas Class Members and their interests.

132. Class certification is appropriate under the Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

133. Accordingly, the Texas Common Law Class should be certified as defined in Paragraph 120.

## VI.
## RELIEF SOUGHT

134. Plaintiff respectfully prays for judgment against Defendants as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 88 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

   b. For an Order certifying Texas common law Class as defined in Paragraph 120, and designating Plaintiff Gonzales as Representative of the Texas common law Class;

      c.      For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

      d.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

      e.      For an Order pursuant to Texas common law awarding Plaintiff and Texas common law Class Members unpaid overtime and other damages allowed by law;

      f.      For an Order awarding the costs and expenses of this action;

      g.      For an Order awarding attorneys' fees;

      h.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      i.      For an Order awarding Plaintiff Gonzales a service award, as permitted by law;

      j.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense;

      k.      For an Order providing for injunctive relief prohibiting Defendants from engaging in future violations of the FLSA, and Texas common law, and requiring Defendants to comply with such laws going forward;

      l.      For an Order granting such other and further relief as may be necessary and appropriate.

Date:   July 15, 2020

Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:   /s/ *Clif Alexander*
**Clif Alexander**
Texas Bar No. 24064805
clif@a2xlaw.com
**Lauren E. Braddy**
Texas Bar No. 24071993
lauren@a2xlaw.com
**Alan Clifton Gordon**
Texas Bar No. 00793838
cgordon@a2xlaw.com
**Carter T. Hastings**
Texas Bar No. 24101879
carter@a2xlaw.com
819 N. Upper Broadway
Corpus Christi, Texas 78401
Telephone: (361) 452-1279
Facsimile: (361) 452-1284

***Attorneys for Plaintiff and the Putative Class Members***